IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
RAYMOND ROBERTS,                *
  #117244                       *
     Petitioner,                *
                                *
vs.                             *   CIVIL ACTION:13-00485-CG-B
                                *
CARTER DAVENPORT,               *
                                *
     Respondent.                *
```

## REPORT AND RECOMMENDATION

Raymond Roberts, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Docs. 1, 5). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004). Following a complete review of this action, the undersigned recommends that the petition be dismissed as barred by the statute of limitations.

## FINDINGS OF FACT

Roberts was charged with first-degree robbery in Case No. CR-06-0869 in the Circuit Court of Mobile County, Alabama. (Doc. 10-3 at 22, 25). On October 9, 1981, he entered a guilty plea

and was sentenced to fifteen years.[1] (Id. at 26). Roberts did not appeal from this conviction and sentence. (Doc. 10-6 at 1).

On July 7, 2005, Roberts filed a Rule 32 petition with the trial court. (Doc 10-2 at 15). Roberts argued that the trial court was without jurisdiction to render the judgment or to impose the sentence because the Information under which he pleaded guilty was not sworn, under oath, as required by §15-15-20.1, Ala. Code 1975, (Doc. 10-4 at 7). According to Roberts, the Information was defective because it lacked a Notary Seal. (Doc. 10-2 at 27). After several evidentiary hearings, the trial court held that the missing Notary Seal was the result of a "clerical anomaly" caused by a change in office procedure involving the use of 8 ½ x 11 inch paper instead of 8 ½ x 14 paper. This change in paper size caused the bottom of the Information to be cut off during the copying process. (Id. at 30-31). Accordingly, on December 29, 2006, the trial court denied Roberts' Rule 32 petition. (Id. at 31).

Roberts appealed the denial of his Rule 32 denial and on August 24, 2007, the Alabama Court of Criminal Appeals affirmed the trial court's decision. Roberts v. State, 14 So. 2d 3d 201

---

[1] In Roberts' Amended Petition, he alleges that he was sentenced on Sept 3, 1981, (Doc. 5; ); however, the Court records reflect that Roberts was sentenced on October 9, 1981. (Docs. 10-2 at 4, 10-6 at 1).

2

(Ala. Crim. App. 2007)(Doc. 10-6). On September 14, 2007, Roberts' application for rehearing was denied (Doc. 10-8). He filed a writ of certiorari petition with the Alabama Supreme Court, which was denied on December 7, 2007. A certificate of final judgment was issued that same day. (Doc. 10-9).

Roberts filed the instant action §2254 petition on September 23, 2013.[2] (Doc. 1 at 4). Pursuant to the Court's directive, Roberts filed an amended petition on October 24, 2013.[3] In his amended petition, Roberts argues that his conviction/sentence on October 9, 1981 was illegal because the State's Information did not "follow the rules set out in the Code of Ala," thereby rendering his plea agreement "void and without force and effect." (Doc. 5). Roberts further argues that this "illegal conviction" is being used to hold him in prison because it renders him ineligible for a reduction of his current

---

[2] While Roberts' habeas petition was received by the Clerk's Office on October 7, 2013, pursuant to the mailbox rule, a prisoner's petition is deemed filed on the date it is delivered to prison officials for mailing, absent contrary evidence. Houston v. Lack, 487 U.S. 266, 271-71, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Adams v. United States, 173 F. 3d 1339, 1340-41 (11th Cir. 1999). The record reflects that Roberts signed his petition on September 23, 2013, and absent evidence to the contrary, that date is deemed the date on which he tendered the petition to prison officials for mailing.

[3] Roberts utilized a section 1983 form when he initially filed this action; however, his allegations related to one of his convictions. Accordingly, he was directed to utilize the correct form if he was seeking to file a federal habeas petition. (Doc. 4).

3

sentence of life without parole for his 1992 robbery conviction. (Id. at 13). Roberts also seeks to have the 1981 conviction expunged from his record. (Doc. 1 at 4).

In its Answer, Respondent asserts that Roberts' habeas corpus petition should be denied for the following reasons: (1) Roberts' fifteen year sentence has already expired, so he is no longer "in custody" pursuant to the 1981 robbery conviction, and (2) Roberts' petition is barred by the limitation period. (Doc. 10). For the reasons set forth herein, the undersigned recommends that the Roberts' petition be dismissed because it is barred by the one-year statute of limitations.[4]

## **ANALYSIS**

Pursuant to 28 U.S.C. § 2244 (d)(1), as amended by the April 24, 1996 enactment of The Anti-Terrorism and Effective

---

[4] The undersigned notes that it also appears that Roberts does not meet the in custody requirement. Federal habeas corpus law permits prisoners to challenge the validity of convictions under which they are "in custody" in violation of the Constitution or law or treaties of the United States. See 28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989). A petitioner is not "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time the habeas petition is filed. Maleng, 490 U.S. at 491; Birotte v. Sec'y for the Dep't of Corrs., 236 Fed. Appx. 577, 2007 U.S. App. LEXIS 13806, 2007 WL 1695673, at *3 (11th Cir. June 13, 2007) ("[T]he petitioner must be 'in custody' under the conviction [*3] or sentence under attack at the time the habeas petition is filed, and the collateral consequences of the conviction, alone, are insufficient to render the defendant 'in custody' for purposes of a habeas attack.") In this case, Respondent argues, and Roberts does not dispute, that the 1981 conviction that he is seeking to attack has expired.

Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA"), a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review." The Act provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of:
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

For prisoners convicted prior to the enactment of the AEDPA, the statute of limitations is considered to run from the Act's effective date of April 24, 1996. Drew v. Dep't of Corr., 297 F.3d 1278, 1283 (11th Cir. 2002); Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999), *cert. denied*, 528 U.S. 1085, 120 S. Ct. 811, 145 L. Ed. 2d 683 (2000). Thus, AEDPA's one-year statute of limitation expires on April 23, 1997 for habeas petitions filed by those inmates convicted prior to AEDPA's enactment date.

In the instant action, Roberts did not seek to appeal his conviction; accordingly his conviction became final on November 20, 1989, after his 42 days to file a notice of appeal had passed. Ala.R.App.P.R.4. However, because Roberts' conviction became final prior to the enactment of the AEDPA, Roberts had from April 24, 1996 until April 23, 1997 to file his federal habeas petition. The record reflects however that Robert did not file his petition until September 23, 2013, which is more than sixteen (16) years after the statutory deadline had expired. Thus, unless Roberts can demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition is untimely.

Section 2244(d)(2) of the AEDPA provides for the tolling of the limitations period pending state court review of a properly filed application for post-conviction relief. See In re Hill,

437 F.3d 1080, 1083 (11th Cir. 2006). Although Roberts filed a Rule 32 petition with the state court, it was not pending during the running of the AEDPA limitations period. The law is clear that "[E]ven 'properly filed' state court-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000); see also Tinker v. Moore, 255 F.3d 1331, 1335. n.4 (11th Cir. 2001)("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."); Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)("While a properly filed application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.")(citation omitted). Because the AEDPA limitations period had already expired by the time Roberts filed his Rule 32 petition in 2005, it had no tolling effect. Thus, Roberts' federal habeas petition, which was filed sixteen years after the April 24, 1997 deadline, was time-barred.

Before recommending dismissal of Roberts' habeas petition as untimely, the undersigned must determine whether Roberts has pled extraordinary circumstances that require a contrary

7

conclusion.  Thus, unless Roberts can demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition is untimely.

The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). See also Holland v. Florida, 560 U.S. 631, 645 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130, 143 (2010) (" §2244(d) is subject to equitable tolling in appropriate cases[,] . . . We have previously made clear that a 'petitioner' is entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."); Diaz v. Sec'y for the Dept. of Corr., 362 F.3d 698 (11th Cir. 2004); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3rd Cir. 1998)(" equitable tolling is proper only when the principles of equity would make [the] rigid application [of a limitation period] unfair . . . [g]enerally, this will occur when the petitioner has in some extraordinary way . . . been

prevented from asserting his or her rights . . . [t]he petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims . . . [m]ere excusable neglect is not sufficient."). Moreover, in the Eleventh Circuit, as a general rule, "the "extraordinary circumstances" standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Sec'y of Dep't of Corr., 259 F.3d 1310, 1314 (11th Cir. 2001), cert. denied, 535 U.S. 1080, 122 S.Ct. 1965 (2002); Drew v. Dep't of Corr., 297 F.3d 1278, 1286-87 (11th Cir. 2002).

In this case, Roberts has failed to establish a basis for equitable tolling of the statutory limitations period. Roberts argues that the one-year statue of limitations does not bar his petition because his 1981 sentence is being used to enhance his 1992 sentence for a different offense, and to "deny [him] this avenue would allow an illegal conviction to hold [him] incarcerated for [his] life." (Doc. 5 at 13). Roberts also argues that the attorney who represented him when he was sentenced in 1992 was impaired and did not provide effective assistance of counsel. (Doc. 13). Roberts' assertions are not sufficient to establish any basis for equitable tolling. He has not alleged the existence of extraordinary circumstances beyond

his control that prevented him from filing a timely petition with respect to his 1981 conviction and sentence, nor has he met the heavy burden of showing that he exercised reasonable diligence in prosecuting his claims and in bringing forth his habeas petition. He has also failed to allege, let alone offer any evidence that suggests that he is innocent. Where Respondent has asserted the defense of statute of limitations and the Petitioner has failed to meet his burden of establishing extraordinary circumstances which would justify the equitable tolling of AEDPA's limitations period, the undersigned must recommend that this case be dismissed as time-barred. Accordingly, the undersigned finds that because Roberts has neither demonstrated actual innocence, nor established that equitable tolling is warranted in this case, his federal habeas petition should be dismissed as time-barred, and judgment should be entered in favor of Respondent.

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L.Ed. 2d 931 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further").

In the instant action, Roberts' petition is clearly time barred, and he has failed to present extraordinary circumstances beyond his control that prevented him from filing this action in a timely manner. Steed, 219 F.3d at 1300. He has also failed to make a sufficient showing of 'actual innocence' of the charge for which he was convicted. Schlup, 513 U.S. at 327. Thus, under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Roberts should be allowed to proceed

11

further. Slack, 529 U.S. at 484, 120 S. Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further"). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether the Roberts' petition should be dismissed; thus, he is not entitled to a certificate of appealability.

## CONCLUSION

For the reasons set forth above, the undersigned recommends that the Court dismiss Roberts' petition with prejudice as time-barred and find that he is not entitled to a Certificate of Appealability, and is not entitled to proceed *in forma pauperis*[5] on appeal.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file

---

[5] An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L. R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **1st** day of **October, 2014.**

                                            /s/ SONJA F. BIVINS
                                      **UNITED STATES MAGISTRATE JUDGE**